UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Angel Roldan**

    **v.**                                            Civil No. 13-cv-447-PB
                                                          Opinion No. 2014 DNH 175

**Edward Reilley, Warden,**
**Northern New Hampshire**
**Correctional Facility**


**MEMORANDUM AND ORDER**

Angel Roldan is incarcerated pursuant to a final judgment of the New Hampshire state courts.  Doc. No. 1.  Roldan filed a petition for a writ of habeas corpus in this court.  Id.  Edward Reilley, the Warden at the facility where Roldan is incarcerated, filed a motion for summary judgment, Doc. No. 12, which I granted on July 21, 2014.  Roldan v. Reilley, 2014 DNH 158, 13.  Roldan now moves for a certificate of appealability pursuant to 28 U.S.C. § 2253(c).  Doc. No. 18.  I deny the motion.

**I.   ANALYSIS**

In my July 21, 2014 Order, I determined that Roldan's habeas petition was untimely because it was filed after the expiration of the applicable one-year limitations period.  Roldan, 2014 DNH 158, 4-5 (citing 28 U.S.C. § 2244(d)(1)).  I

then declined Roldan's request to equitably toll the limitations period because the record did not reveal a "genuine dispute as to a[] material fact," id. at 2-3 (quoting Fed. R. Civ. P. 56(a), concerning whether Roldan (1) "was prevented from timely filing by extraordinary circumstances," and (2) "exercised reasonable diligence in trying to preserve his rights." Id. at 7-8 (quoting Dominguez v. Duval, 527 F. App'x 38, 39-40 (1st Cir. 2013)).

Roland contends that I erred in granting the Warden's summary judgment motion by giving insufficient consideration to his sworn affidavit, which states that Spanish is his native language[1] and that,

> [w]hile I have never denied that I do speak some English, my understanding of others speaking English is limited.  I cannot read English at all. . . .  The reason I did chose not [sic] to completely rely upon the Spanish interpreter at trial, was because the interpreter confused me more than he helped me.  The interpreter was from a different country than the country where I was born, and I did not understand many of the things he said. . . .  All of the law books in the prison where I am incarcerated are written in English.  Since I do not read English, I was unaware of the time limitations contained in the law . . . .

---

[1] Roldan also notes that "the recorded telephone conversations used at his trial were entirely in Spanish," which "clearly establishes that English was not his first language."  Doc. No. 18-1.  I accepted that fact.  Roldan, 2014 DNH 158, 10 ("It is undisputed that English is not Roldan's native tongue.").

Doc. No. 14-1.  I disagree.  Even assuming that Roldan was entirely unable to speak, read, or understand English during the one-year limitation period, the First Circuit has stated that a petitioner's "lack of familiarity with the English language . . . . . standing alone, may be insufficient to excuse a failure to file a timely habeas petition,"[2]  Roldan, 2014 DNH 158, 8-9 (quoting Ramos-Martínez, 638 F.3d at 324), and no court of appeals has held that such lack of English proficiency is independently sufficient to warrant equitable tolling in the absence of "other obstacles related to [the petitioner's] linguistic difficulties."[3]  Id. at 9-10 & n.4 (citing Yow Ming

---

[2] Contrary to Roldan's contention, a petitioner who is competent in Spanish but has absolutely no knowledge of English could still take steps to safeguard his or her legal rights – for example, "requesting that Spanish language legal materials be brought to the prison, petitioning for access to an interpreter, seeking out a bilingual inmate to provide assistance, or attempting to improve his [or her] own English skills," see Roldan, 2014 DNH 158, 11-12 (citing Pabon v. Mahanoy, 654 F.3d 385, 402 (3d Cir. 2011); Ramos-Martínez v. United States, 638 F.3d 315, 324 (1st Cir. 2011)) – whereas a petitioner with a sufficiently severe mental illness could not.  See id. at 8 n.3 (citing Riva v. Ficco, 615 F.3d 35, 40 (1st Cir. 2010)).

[3] Roldan notes that some courts have held that "a prison law library's lack of Spanish-language legal materials, coupled with a petitioner's inability to obtain translation assistance before the one-year limitations period . . . can constitute an extraordinary circumstance."  Doc. No. 18-1 (citing Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008); Mendoza v. Carey, 449 F.3d 1065, 1069 (9th Cir. 2006)).  But Roldan presented no evidence that he was unable to obtain translation assistance

Yeh v. Martel, 751 F.3d 1075, 1078 (9th Cir. 2014); Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) (per curiam); Pabon, 654 F.3d at 400; Gutierrez-Ruiz v. Trani, 378 F. App'x 797, 799 (10th Cir. 2010); Inglesias v. Davis, No. 07-1166, 2009 WL 87574, at *3 (6th Cir. Jan. 12, 2009); Diaz, 515 F.3d at 154). Roldan was required to present evidence that he "was prevented from timely filing by" his lack of English proficiency, regardless of how severe that lack of proficiency was during the relevant period. Id. at 7-8 (quoting Dominguez, 527 F. App'x at 39-40). He failed to do so. Id. at 11-12.

Roldan was also required to show that he took at least some action to overcome his lack of English proficiency during the limitations period in order to demonstrate that he "exercised reasonable diligence in trying to preserve his rights." Id. at 7-8 (quoting Dominguez, 527 F. App'x at 39-40). He presented no evidence that he took any action in this regard.[4] Id. at 11-12

---

during the one-year limitations period. Roldan, 2014 DNH 158, 11-12.

[4] Roldan claims that "there is no evidence in the record here, that anyone, inmate or prison employee, spoke Spanish sufficiently to have been able to help him and that such an individual was aware of the filing deadline." Doc. No. 18-2. But he has presented no evidence that he took any steps to discover this fact, if it is indeed true. See Roldan, 2014 DNH 158, 11-12 ("[T]he diligence requirement of equitable tolling imposes on the prisoner a substantial obligation to make all

4

(citing Pabon, 654 F.3d at 402; Ramos-Martínez, 638 F.3d at 324).

## II.   CONCLUSION

Roldan failed to demonstrate a "genuine dispute as to a[] material fact" concerning each prong of the equitable tolling analysis, and I thus did not err in ruling that the Warden "is entitled to judgment as a matter of law." See id. at 2-3, 13 (quoting Fed. R. Civ. P. 56(a)).  Accordingly, he has not "made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2).  I therefore deny his motion for a certificate of appealability.  Doc. No. 18.

        SO ORDERED.


                                        /s/Paul Barbadoro
                                        Paul Barbadoro
                                        United States District Judge

August 22, 2014

cc:    David J. Goldstein, Esq.
       Theodore M. Lothstein, Esq.
       Elizabeth C. Woodcock, Esq.

---

reasonable efforts to obtain assistance to mitigate his language deficiency." (quoting Diaz, 515 F.3d at 154)).

5